IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| WATERFORD MORTGAGE CO., | : | CIVIL ACTON |
|  | : | NO. 06-3967 |
| v. | : |  |
|  | : |  |
| INTEGRATED ALARM SERVICES | : |  |
| GROUP, INC., TIMOTHY M. McGINN, | : |  |
| McGINN SMITH & CO., INC. | : |  |
| AND DAVID L. SMITH | : |  |
|  | : |  |

O'Neill, J.                                                                                                    October 14 , 2008

**MEMORANDUM**

Plaintiff Waterford Mortgage Company filed a complaint against defendants David L. Smith, McGinn Smith & Company, Timothy M. McGinn and Integrated Alarm Services Group, Inc. (IASG) for breach of contract, promissory estoppel, and unjust enrichment with respect to a commission Waterford alleges that it should receive for a line of credit extended to IASG. Before me now are defendants' motion for summary judgment, plaintiff's response and defendants' reply.

BACKGROUND

Prior to July 2003, McGinn Smith created investment vehicles called "grantor trusts" to raise capital to purchase residential alarm monitoring contracts. The grantor trusts provided funds for security alarm dealers for the up-front costs of the installation of expensive alarm services which the dealers recouped through monthly monitoring fees. The trusts had a senior position financed by a financial institution and a secondary position sold to individual investors by representatives of McGinn Smith.

Prior to July 2003, McGinn Smith raised capital through private financing to fund these

trusts. In May 2001, defendant David Smith, President and CEO of McGinn Smith, met with William Hoffman, President of Waterford Mortgage, to obtain financing for a specific trust being funded for Sentry Alarms, referred to as the Payne Trust. It was agreed that Hoffman would negotiate the terms of the loan. Hoffman was to work with McGinn Smith representative William Lex and if Hoffman found institutional lenders to provide funds on terms acceptable to McGinn Smith appropriate compensation would be paid. Parties agree that they did not set the commission percentage to be paid to Hoffman at that time. In December 2001, Hoffman obtained a loan for the Payne Trust through LaSalle Bank of Chicago in the net amount of $14.5 million. When the deal for financing closed, McGinn Smith determined the commission percentage to be paid, Lex was paid by Payne Trust and Lex forwarded one-half of the commission payment, totaling one and three quarters percent of the net loan amount to Hoffman, as compensation for obtaining the loan.

Integrated Alarm Services Group was formed as a Delaware corporation on April 18, 2002. It subsequently dissolved on January 17, 2003. K C Alarm Services Group, Inc., a Delaware corporation, changed its name to Integrated Alarm Services Group, Inc. on January 21, 2003 and went public on July 23, 2003. Defendant IASG is a publicly-traded corporation that sells or otherwise obtains security alarm monitoring contracts.

IASG had an initial public offering to raise capital so future alarm services trusts could be funded without private financing. Before the IPO, Timothy McGinn worked to procure a $30 million line of credit with LaSalle Bank for the purpose of showing a line of credit in the IASG IPO prospectus. The line of credit closed at the same time as the IPO; IASG states that it availed itself of $3 million while it was active.

Hoffman alleges that McGinn asked him to call the LaSalle Bank representive to see if

the LaSalle Bank would be willing to extend a line of credit to IASG.  Hoffman states that, in reliance on McGinn's request, he called and spoke with a representative at LaSalle Bank on February 11, 2002 concerning the prospect of IASG obtaining financing.  Hoffman does not allege that he negotiated the terms of this line of credit, just that he "planted a seed" so LaSalle was willing to negotiate with McGinn.  Hoffman subsequently met with McGinn, Smith, and Lex at the Roosevelt Hotel in New York City in March 2003.  The parties agree that the primary subject matter at the dinner consisted of Lex and Hoffman discussing the marketing of bulk alarm contracts.  Hoffman claims that a commission for the line of credit was confirmed by the meeting.  Hoffman alleges that LaSalle Bank provided a $30 million line of credit to IASG for its initial public offering prospectus to which Hoffman is entitled to a one and three-quarters percent commission by virtue of his phone conversation with the LaSalle Bank representative on February 11, 2002.

## STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides, in relevant part, that summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue of material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  Summary judgment will be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

The party moving for summary judgment has the burden of demonstrating that there are

no genuine issues of material fact. Id. at 322-23. If the moving party sustains the burden, the nonmoving party must set forth facts demonstrating the existence of a genuine issue for trial. See Anderson, 477 U.S. at 255. Rule 56(e) provides that when a properly supported motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party therefore must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion, and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. Williams v. Borough of W. Chester, 891 F.2d 458, 460 (3d Cir. 1989). However, the "existence of disputed issues of material fact should be ascertained by resolving 'all inferences, doubts and issues of credibility against'" the moving party. Ely v. Hall's Motor Transit Co., 590 F.2d 62, 66 (3d Cir. 1978), quoting Smith v. Pittsburgh Gage & Supply Co., 464 F.2d 870, 878 (3d Cir. 1972).

## DISCUSSION

Plaintiff argues that defendants breached their oral contract with plaintiff when they refused to pay plaintiff a commission for having allegedly secured a $30 million line of credit for IASG. Defendants argue that there was no contract as there was no meeting of the minds and further that even if there were a contract defendants IASG, David Smith and Timothy McGinn were not parties to or intended beneficiaries of the alleged contract and so cannot be held liable. Defendants also argue that plaintiff does not have a valid claim for unjust enrichment because no benefit was realized by defendants. Additionally, defendants also contend that there was no detrimental reliance to sustain a claim of promissory estoppel.

I.      Breach of Contract

Defendants allege that plaintiff has failed to produce evidence that a contract exists, citing a lack of a meeting of the minds and a lack of privity of contract and that plaintiff may not sue Timothy McGinn and David Smith as they are not beneficiaries of the contract.  To maintain an action for breach of contract under Pennsylvania law a plaintiff must demonstrate:  (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages.  Jones v. Select Portfolio Servicing, Inc., 2008 WL 1820935, at *5 (E.D. Pa. 2008), quoting J.F. Walker Co., Inc. v. Excalibur Oil Group, Inc., 792 A.2d 1269, 1272 (Pa. Super. Ct. 2002).  Contracts may be oral, in writing or inferred from the acts and conduct of the parties.  J.F. Walker, 792 A.2d at 1272,  citing John Edward Murray, Jr., Cases and Materials on Contracts 184 (3rd ed.1983); Axilbund v. McAllister, 180 A.2d 244, 249 (Pa. 1962), noting that commissions can be proven through oral agreement.

Defendants argue that plaintiff's claim for breach of contract must be dismissed because there was no meeting of the minds between the parties.  An enforceable contract requires an offer, acceptance, consideration and mutual meeting of the minds.  Schreiber v. Olan Mills, 627 A.2d 806, 808 (Pa. Super. Ct. 1993).   The offer and the acceptance must include the essential terms that both parties intend to be binding.  Cosme v. Durham, 2008 WL 324020, at *3 (E.D. Pa. 2008), citing In re Estate of Hall, 731 A.2d 617, 621 (Pa. Super. Ct. 1999).  The essential terms must be definite enough to provide a basis for enforcing the agreement.  Cosme, 2008 WL 324020, at *3, citing Biddle v. Johnsonbaugh, 664 A.2d 159, 163 (Pa. Super. Ct. 1995).  In short, the "test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced."  Channel Home Centers v. Grossman, 795 F.2d 291, 298-99 (3d Cir. 1986), citing

Lombardo v. Gasparri Excavating Co., 123 A.2d 663, 666 (Pa. 1956), see also Steven T. Flowers v. Shein & Brookman, P.A., 1983 WL 265400, at *149 (Pa. Ct. Com. Pl. Mar. 17, 1983), holding that an oral contract was unenforceable where it did not specify compensation terms.

Where an agreement is silent on a particular term, a course of dealing may supplement or qualify the terms of the parties' agreement as well as provide interpretive guidance on terms explicit in that agreement. James v. Zurich-Am. Ins. Co. of Ill., 203 F.3d 250, 255-56 (3d Cir. 2000), citing Capitol Bus Co. v. Blue Bird Coach Lines, Inc., 478 F.2d 556, 559-60 (3d Cir. 1973), see also Silverstein v. Hornick, 103 A.2d 734 (Pa. 1954); Restatement (Second) of Contracts § 223(1) (1979).  However, "prior dealings" cannot substitute for mutual agreement by the parties on all essential terms of the contract in a contract for commission. Gnames Advantage, L.P. v. CPC Associates, Inc., 2002 WL 31750209, at *3 (E.D. Pa. 2002).  Past practice is admissible to interpret a contract where an agreement involves repeated occasions for performance by either party with knowledge of the nature of the performance and opportunity for objection to it by the other, but the rule allowing evidence of past practice "does not apply to an action on a single occasion."  Quick v. N.L.R.B., 245 F.3d 231, 247 (3d Cir. 2001), citing Restatement (Second) of Contracts § 202(4), comment g.  Although the existence of a prior course of dealing between the parties is usually an issue of fact for the jury, where parties have not contested the material facts of the prior course of dealing, the courts may decide whether a course of dealing existed as a matter of law. Great Northern Ins. Co. v. ADT Sec. Services, Inc., 517 F. Supp.2d 723, 742 (W.D. Pa. 2007) (citations omitted).

In this case, Hoffman alleges only a single previous oral contract with the Payne Trust negotiated by McGinn Smith to supply the missing compensation term in the alleged oral contract with IASG.  As the parties do not contest the circumstances of the prior course of

dealing, I may determine whether a course of dealing existed as a matter of law. A single previous contract is not enough to establish past practice, so the previous oral contract is not admissible for the purpose of resolving ambiguities and establishing that a contract existed as a matter of law. Quick, 245 F.3d at 247. Without the prior course of dealing, there is no evidence of terms necessary to show that a contract existed. The parties' obligations are so indefinite as to preclude any reasonable factfinder from ascertaining their intentions with any degree of certainty. Channel Home Centers, 795 F.2d at 298-99. Viewing the evidence in the light most favorable to the non-moving party, I find that there was no oral contract between Hoffman and any defendant. I will grant defendants' motion for summary judgment on this count.[1]

II.     Unjust Enrichment

Defendants argue that plaintiff's claim for unjust enrichment must be dismissed because no benefit was conferred on the defendants by the plaintiff and defendant did not appreciate any benefit. Under Pennsylvania law for quasi-contracts, a claim of unjust enrichment must allege the following elements: (1) the plaintiff conferred a benefit on the defendants; (2) the defendants appreciated the benefit; and (3) acceptance and retention by the defendants of the benefits, under the circumstances, would make it inequitable for the defendants to retain the benefit without paying its value. Com. ex. rel. Pappert v. TAP Pharm. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. 2005). See also Torchia v. Torchia, 499 A.2d 581, 582 (Pa. Super. Ct. 1985), noting that "to sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either wrongfully secured or passively received a benefit that it would be

---

[1] As I am granting summary judgment on this count, I will not address defendants' claims that there was no privity of contract or that Timothy McGinn and David Smith were not beneficiaries of the contract and so should not be bound.

unconscionable . . . to retain." (internal quotation omitted).  If unjust enrichment is established, a contract is implied by law and payment for the benefit conferred is required.  Bouriez v. Carnegie Mellon University, 2005 WL 3006831, at *10 (W.D. Pa. Nov. 9, 2005), citing Schenck v. K.E. David, Ltd., 666 A.2d 327, 328-29 (Pa. Super. Ct. 1995).

Plaintiff alleges that its representative Hoffman made a call on defendants' behalf to the LaSalle Bank representative that conferred a benefit upon defendants in that it resulted in a substantial line of credit to present to potential investors in their IPO prospectus.  Defendants do not contest that Hoffman made the call, but they claim that his call does not constitute a benefit.  Whether the plaintiff conferred a benefit on the defendants through his call to the LaSalle Bank representative is a fact in dispute, so summary judgment cannot be granted on this claim.[2]

    III.    Promissory Estoppel

Defendants argue that plaintiff's promissory estoppel claim must fail because plaintiff has alleged no detrimental reliance on any promise.  Detrimental reliance is another name for promissory estoppel.  Travers v. Cameron County Sch. Dist., 544 A.2d 547 (Pa. Commw. 1988).  The doctrine of promissory estoppel permits a claimant to enforce a promise in the absence of consideration.  Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 717 -718 (Pa. Super. Ct. 2005), citing Shoemaker v. Commw. Bank, 700 A.2d 1003, 1006 (Pa. Super. Ct. 1997).  To maintain a promissory estoppel action a claimant must show the following elements:  (1) the promisor made a promise that [it] should have reasonably expected would induce action or

---

[2] As unjust enrichment does not require a written contract to establish liability but bases liability upon equity, I will not address defendants' arguments that IASG, McGinn Smith, Timothy McGinn and David Smith cannot be liable under unjust enrichment because they were not parties to a contract, were not in privity of contract and were not intended beneficiaries to a contract and so should not be held liable.

forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise." Id. at 1006; see also Crouse v. Cyclops Indus., 745 A.2d 606, 611 (Pa. 2000).  There is no estoppel when the plaintiff's actions were the result of his own will and judgment rather than the product of the defendants' representations.  Id., citing Home for Crippled Children v. Prudential Ins. Co. of America, 590 F. Supp. 1490, 1503 (W.D. Pa. 1984), citing Estate of Tallarico, 228 A.2d 736, 741 (Pa. 1967), Restatement (Second) of Contracts § 90, see also Josephs v. Pizza Hut of America, Inc., 733 F. Supp. 222, 227 (W.D. Pa. 1989)

"Although the doctrine of promissory estoppel has become fully recognized in Pennsylvania, it is not to be loosely applied; if it were, any promise, regardless of the complete absence of consideration, would be enforceable." Fedun v. Mikes Cafe, Inc., 204 A.2d 776, 782 (Pa. Super. Ct. 1964).  The Pennsylvania Supreme Court has not decided whether an express promise is required or whether an implied promise is sufficient to establish promissory estoppel. KSM Assoc., Inc. v. ACS State Healthcare, LLC, 2006 WL 1308267, at *2 (E.D. Pa. May 10, 2006), citing Nabisco, Inc. v. Ellison, 1994 WL 622136, at *6 (E.D. Pa. Nov. 8, 1994).  However, the Court of Appeals has concluded that there can be no justifiable reliance without an express promise. KSM Associates, Inc., 2006 WL 1308267, at *2, citing Schleig v. Commc'ns Satellite Corp., 698 F. Supp. 1241, 1249 (M.D. Pa. 1988).  The Court has reasoned that reliance on an implied promise is not reasonable, so an implied promise is insufficient to assert a claim for promissory estoppel under Pennsylvania law.  Edwards v. Wyatt, 335 F.3d 261, 277 (3d Cir. 2003).  "Promissory estoppel would be rendered meaningless if this Court were to allow [plaintiff] to maintain an action for detrimental reliance based on the alleged existence of [ ] a broad and vague implied promise." C & K Petroleum Prods., 839 F.2d 188, 192 (3d Cir. 1988).

In order to qualify as an express promise, "[t]he promise must be certain and explicit enough so that the full intention of the parties may be ascertained to a reasonable certainty." Ankerstjerne v. Schlumberger Ltd., 2004 WL 1068806, at *5 (E.D. Pa. May 12, 2004).

Plaintiff argues that Hoffman's phone call to the LaSalle representative is the detrimental reliance induced by McGinn's alleged promise. Here, plaintiff points to no express promise upon which he could have reasonably relied. Hoffman does not allege that McGinn expressly promised anything during the phone call, merely that he assumed, based on the single prior oral contract with McGinn Smith, that he would receive a commission. Though plaintiff received a commission for arranging a loan for McGinn Smith in the past, that was under more formal circumstances and, while no percentage commission was set in the oral contract for the loan, it was expressly stated that Hoffman would receive a commission if he arranged for financing under circumstances favorable to McGinn Smith. However, as discussed above, the prior dealing cannot be used to establish the terms of this alleged agreement, so the full intention of the parties in this alleged oral contract cannot be ascertained to a reasonable certainty. Ankerstjerne, 2004 WL 1068806, at *5. Estoppel is not available where the reliance is based upon the plaintiff's judgments and not upon the defendants' representations, Crouse, 745 A.2d at 611, and here the reliance was based solely upon plaintiff's understanding that the terms of the previous oral contract for the loan would apply to the alleged contract for the line of credit. As promissory estoppel is only available for express promises to avoid injustice, and the alleged promise at hand was implied at best, I will grant defendant's motion for summary judgment on this count.[3]

---

[3] As I am granting summary judgment on this count, I will not address defendants' claims that there was no privity of contract or that Timothy McGinn and David Smith were not

An appropriate order follows.

---

beneficiaries of the contract and so should not be bound.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WATERFORD MORTGAGE CO., | : | CIVIL ACTON |
| | : | NO. 06-3967 |
| v. | : | |
| | : | |
| INTEGRATED ALARM SERVICES | : | |
| GROUP, INC., TIMOTHY M. McGINN, | : | |
| McGINN SMITH & CO., INC. | : | |
| AND DAVID L. SMITH | : | |
| | : | |

**<u>ORDER</u>**

AND NOW, this 14 day of October 2008, after considering defendants' motion for summary judgment, plaintiff's response and defendants' reply thereto, and for the reasons set forth in the accompanying memorandum, it is ORDERED as follows:

1)  Defendant's motion for summary judgment on the count of unjust enrichment is DENIED.

2)  Defendant's motion for summary judgment on the counts of breach of contract and promissory estoppel is GRANTED. Judgment is entered in favor of defendants Integrated Alarm Services Group, Inc., Timothy M. McGinn, McGinn Smith & Co., Inc. and David L. Smith and against plaintiff Waterford Mortgage Co. on the counts of breach of contract and promissory estoppel.

    /s/ THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.